# Exhibit A
# (Final Order)

## JAMS ARBITRATION CASE REFERENCE NO. 1160025240

**Marriage of Shin, Julia,**
    **Petitioner**

**FINAL ORDER RE: HYPERION CONDO PROCEEDS**

vs.

**Shin, Thomas,**
    **Respondent**

---

### FINAL ORDER RE: HYPERION CONDO PROCEEDS

Petitioner Julia Shin is hereby awarded 100% of the Hyperion Condo proceeds. This Order is a Final Order. There will be no change as to the award of this asset.

FINDINGS OF FACT:

The Arbitrator finds that the Hyperion condo was purchased in 2005 by the community, the Shins paid the full, 100% of the purchase price on the Hyperion condo, and that it was owned 100% by the community. Mr. Shin lived in the Hyperion condo while working in Korea from the date of purchase in 2005 until moving out and renting it during 2019-2022. Mr. Shin received 100% of the rent.

Neither Mr. nor Ms. Shin is a Korean citizen. Ms. Minhui Kim was placed on the title of the Hyperion condo only because of a previous law in Korea that did not allow non-Korean citizens to own property. Mr. Shin asked to use Ms. Kim's name on the title and Ms. Kim agreed, but the Shins retained 100% of the equitable ownership interest of the Hyperion condo at all times. Bank account #5246 was established at Standard Chartered Bank in the name of Minhui Kim, but Ms. Kim gave her chop and passbook to Mr. Shin and never personally deposited to or withdrew from that account; the account was used 100% by Mr.

Shin, including without limitation for the purposes of paying fees associated with the condo, and later, receiving rental income from the Hyperion condo. Ms. Kim exercised no management or control of the Hyperion condo and received no rent or other benefits from it.

Ms. Kim did not pay any of the purchase price of the Hyperion condo. Ms. Kim's name on the title did not bestow any ownership rights to Hyperion on Ms. Kim. At all times, the Shins were the actual and equitable owners of the Hyperion condo. Neither Mr. Shin nor Ms. Shin nor Ms. Kim ever disputed that the Shins owned all the equitable rights and benefits of the Hyperion condo. At all times, the Shins were the equitable owners of the proceeds from the sale of the Hyperion condo. The Hyperion condo proceeds awarded to Ms. Shin is not a gift from Ms. Kim to Ms. Shin, as Ms. Shin has always been the equitable owner, along with Mr. Shin since they purchased the property in 2005. Thus, all proceeds from the sale of their condo are community property, awarded (in this dissolution action) in full to Ms. Shin.

Ms. Kim signed a declaration on 3/15/2023 that acknowledged that most Korean and U.S. taxes owed on the Hyperion condo were reimbursed by the Shins, but there were some small Korean taxes owed, along with U.S. taxes owed for recent years 2020 and 2021. In this declaration, Ms. Kim states that she is owed KRW 36,912,055 (approximately $27,000) in Korean taxes for the property, and $18,661.67 in U.S. income taxes for the property. Ms. Shin shall reimburse Ms. Kim these amounts out of the condo sale proceeds. Ms. Kim made no other claims with respect to the Hyperion Condo in her declaration.

The Shins listed the Hyperion condo for sale in 2023, and the property sold on 7/28/2023, and closed on 11/2/2023. The sale price of Hyperion was KRW 2,700,000,000. The Shins paid the Korean federal and local capital gains tax of KRW 628,158,322, and other associated sales fees (apartment management fee, city gas, accountant office service fee, attorney office service fee and real estate service fee) totaling KRW 30,597,560 from the sales proceeds. The net proceeds after these capital gains taxes and fees paid was KRW 2,041,244,118, or approximately $1,534,770.01 (USD/KRW 1,330 on 3/6/2024).

Ms. Shin's expert, attorney Jimin Ryu, provided a 11/18/2023 Declaration to the Arbitrator that confirmed the following: Hyperion's purchase price, all Korean liabilities and Korean taxes have been paid out from the sales proceeds, the Korean National Tax Service issued Ms. Minhui Kim a Confirmation of Real Estate Sale Proceeds on 11/16/2023, certifying that she was approved for an international wire transfer out of Korea in the amount of KRW 2,044,011,680, and the issuance of the Confirmation of Real Estate Sale Proceeds by the Korean National Tax Service verifies that all liabilities and Korean taxes have been paid. The Arbitrator finds Ms. Ryu's expert testimony credible and hereby enters it as a FINDING OF FACT.

Since the Shins paid the Korean capital gains taxes from their Hyperion condo sales proceeds, Ms. Shin, as the sole owner of Hyperion pursuant to this final order, and therefore the sole payor of these Korean capital gains taxes, shall be credited these amounts on Ms. Shin's U.S. tax return as foreign tax credit, as she is both the equitable owner, and the person who paid the Korean taxes.

The Arbitrator has awarded 100% of the Hyperion condo to Ms. Shin in multiple Interim Arbitration orders. The 5/22/2023 First Interim Order awarded 100% of the Hyperion condo to Ms. Shin. After the sale of Hyperion had finalized, the Arbitrator's 10/24/2023 Second Interim Order awarded 100% of the Hyperion condo proceeds to Ms. Shin. The 3/25/2024 Interim Final Order again awarded 100% of the Hyperion condo proceeds to Ms. Shin. This Final Order awards 100% of the Hyperion condo proceeds to Ms. Shin and is a Final Order as to this asset.

In addition, Mr. Shin never contested the award of the Hyperion condo to Ms. Shin in any of his pleadings. Mr. Shin's latest efforts to prevent Ms. Kim from releasing the Hyperion condo sale proceeds to Ms. Shin have no legal basis. His wrongful interference in this matter is another example of Mr. Shin's contemptuous conduct.

Ms. Shin is immediately entitled to 100% of the Hyperion proceeds, less the expenses and debts identified by Ms. Kim in her 3/15/2023 declaration. To date, Ms. Kim has not relinquished the Hyperion proceeds awarded to Ms. Shin despite multiple requests. Nor has she provided any alternate accounting or proof of funds. Ms. Shin's award of 100% of the Hyperion condo proceeds is final and enforceable. If necessary and required by Ms. Shin, this award should be entered as a separate Final Order in the King County Superior Court proceedings, allowing Ms. Shin to immediately enforce her rights against third parties (including Ms. Kim) and/or Mr. Shin. Furthermore, while these arbitration proceedings remain otherwise confidential, Ms. Shin shall be able to use this Order, any of the pleadings relating to her interest in the Hyperion condo proceeds, and all other documents and materials to enforce her rights against third parties, including against Ms. Kim, and/or Mr. Shin. As necessary, those pleadings, documents, statements and orders may be provided to attorneys, parties, experts, and freely shared and filed in open court.

Dated this 20th day of May, 2024

*Richard McDermott*

Hon. Richard F. McDermott (Ret.)
Arbitrator