UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA HYON JOO SHIN,<br>    *Plaintiff,*<br><br>   v.<br><br>MIN HUI KIM aka MINHI KIM aka MINHUI KIM,<br>    *Defendant.* | Case No. 24 Civ. 04293 (MMG)<br><br><u>PROTECTIVE ORDER</u> |

  The Court having reviewed the parties' motion letters regarding a proposed protective order and having reviewed and decided the same as set forth in an Order filed November 13, 2024 (DE 34), and having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

  **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential," or as "Highly Confidential – Attorneys' Eyes Only," ("hereinafter "Confidential-AEO") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" only such portion of such material as consists of:

1

  a. previously nondisclosed financial information (including without limitation personal financial information, tax returns and forms, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  b. previously nondisclosed material relating to ownership or control of any non-public company;

  c. previously nondisclosed business plans, product development information, or marketing plans;

  d. any information of a personal or intimate nature regarding any individual (including but not limited to documents containing sensitive information required to be redacted by Fed. R. Civ. P. Rule 5.2 and Electronic Case Filing Rules & Instructions Rules 21.3 and 21.4); or

  e. any other category of information hereinafter given confidential status by the Court; and

  f. additionally as to "Confidential-AEO" designations only such material as consists of or contains sensitive personal information such as personal tax or financial information as to which production may be required but does not relate directly to the transaction that is the subject matter of this action such as entire tax returns and bank statements where only portions thereof may reflect transactions relevant to any party's claim or defense and proportional to the needs of the case.

3. With respect to the Confidential or Confidential-AEO portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or

that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" or "Confidential-AEO" the protected portion in a manner that will not interfere with legibility or audibility on every page of the Discovery Material and, for digital files, in a dedicated metadata field. For native, electronic or digital files being produced, the Producing Party shall append to the file names with the appropriate designation. Any document of a file type that cannot be so marked directly shall be covered by an attached slip sheet making the designation. For any such document that is intended to be made public such as exhibits to motion papers or for hearings or depositions, the producing person or that person's counsel shall provide another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, in light of the subject matter of this action and much relevant evidence being confidential personal financial information, the testimony, transcripts and exhibits shall be presumptively deemed to contain Confidential information. Since transcripts may also contain Confidential-AEO material, rough or unexecuted transcripts shall within 30 days of the deposition be treated as Confidential-AEO material. Reporters shall be instructed by counsel that deposition transcripts shall be labeled on the cover page as "Confidential Information Governed by Protective Order" and each transcript page as Confidential. Confidential-AEO material shall be designated by counsel to the extent possible as to specific questions and answers during the conduct of the deposition. To facilitate later de-designation wherever possible, during a deposition, a producing person or that person's counsel may indicate on the record

that a question calls for Confidential information. Either a party or any non-party witness whose testimony is in a deposition transcript or whose information or documents are referenced in the transcript shall, within 30 days from receipt of the official transcript, identify specific portions of the testimony as Confidential and Confidential-AEO. Alternatively, as to a designation of Confidential, a party or testifying non-party witness may specify, at the deposition, hearing, or other proceeding, or up to 30 days afterwards, that the entire transcript shall be treated as Confidential. All Confidential and Confidential-AEO designation statements shall be included by the reporter at the beginning of each transcript as part thereof.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential-AEO, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

    a. the parties to this action and their spouses except Confidential-AEO material shall not be disclosed to parties and their spouses nor shall the contents of Confidential-AEO materials be described to parties or their spouses by anyone who has access to such materials;

4

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. stenographers engaged to transcribe depositions conducted in this action; and

    g. the Court and its support personnel.

6. All Confidential and Confidential-AEO Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential

Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

8. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential or Confidential-AEO shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. Without written permission from the person who produced the material or a court order secured after appropriate notice to the parties and all interested persons, a party may not file in the public record of this or any other proceeding any portion of any Confidential or Confidential-AEO Discovery Material.

11. Confidential and Confidential-AEO Discovery Material produced in this action may be used only in this action. Each person to whom the disclosure of any Confidential Information and Confidential-AEO Discovery Material is made shall not directly or indirectly use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

12. *No Copies/Notes*.  Except for internal use by outside counsel for the Parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, Confidential Discovery Material and the material contained therein shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action and no person granted access to the Confidential Discovery Material therein shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Discovery Material or the Confidential Information therein. Except as provided for herein, Plaintiff or Defendant shall keep all Confidential Discovery Material and the material contained therein confidential from all persons.

13. The scope of this Protective Order extends to documents exchanged in the Settlement Conference conducted in this action to the extent such information is produced with Confidentiality designations pursuant hereto.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
November 15, 2024

**SO ORDERED.**

_____
**MARGARET M. GARNETT**
**United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIA HYON JOO SHIN,<br>    *Plaintiff,*<br><br>   v.<br><br>MIN HUI KIM aka MINHI KIM aka MINHUI KIM,<br>    *Defendant.* | Case No. 24 Civ. 04293 (MMG)<br><br><u>NON-DISCLOSURE</u><br><u>AGREEMENT</u> |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Confidential-AEO. I agree that I will not disclose such Confidential and Confidential-AEO Discovery Material to anyone other than for purposes of this litigation and only as authorized by the Protective Order, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   [signature:] _____

                  [print name:]

                  [title:]