USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/18/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA HYOON JOO SHIN,

                         Plaintiff,

          -against-

MIN HUI KIM, also known as MINHI KIM, also
known as MINHUI KIM,

                         Defendant.

24-CV-04293 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff is Julia Shin.  Defendant is her cousin Min Hui Kim.  Plaintiff and her now-ex-husband Mr. Shin purchased a condominium in Seoul, South Korea (the "Condo").  They asked Defendant to hold nominal title to the Condo.  Plaintiff and Mr. Shin later divorced, and an arbitrator awarded Plaintiff ownership of the Condo as part of resolving the divorce proceedings.  Defendant has since sold the Condo but has not released any of the proceeds to Plaintiff, prompting this lawsuit.  Before the Court now is Defendant's motion to dismiss.  For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

I.      **RELEVANT FACTS**[1]

Plaintiff and Mr. Shin purchased the Condo in or around 2005.  FAC ¶ 2.  Although they paid for the Condo and intended to reside there, they asked Plaintiff's cousin, Defendant, to serve as its nominal or "paper" owner and Defendant agreed.  *Id.*  Defendant is a citizen of South

---

[1] The following facts are taken from the First Amended Complaint or "FAC" and assumed true solely for purposes of resolving Defendant's motion to dismiss.  The Court shall refer to the parties' memoranda of law in support of and opposition to the motion to dismiss as follows:  Dkt. No. 18 ("Mot."); Dkt. No. 28 ("Supp. Mot."); Dkt. No. 37 ("Opp."); and Dkt. No. 40 ("Reply").

Korea but is a legal permanent resident of the United States and has resided in the State of New York since 1990. *Id.* ¶¶ 15, 61.

Plaintiff and Mr. Shin filed for divorce in April 2021 and agreed to submit to a binding arbitration proceeding to divide their marital assets, under the supervision of a State court in Washington state, where Plaintiff now resides. *Id.* ¶¶ 6, 18. In a series of 2023 orders, the arbitrator awarded Plaintiff "100%" of the Condo. *Id.* ¶¶ 19–23. Also in 2023, Plaintiff, Mr. Shin, and Defendant agreed that the Condo should be sold. *Id.* ¶ 28. Plaintiff and Mr. Shin "worked with Defendant to guide a sale process that ultimately resulted in" the Condo's sale to a third party for $2.02 million. *Id.*

Throughout the history of Defendant holding title to the Condo, Defendant has recognized—and acted consistent with—the notion that Plaintiff and Mr. Shin were its true or beneficial owners. *Id.* ¶ 17. She sought reimbursement for any Condo expenses, permitted Mr. Shin to control a dedicated bank account involving the Condo, and "allowed Mr. Shin to exercise full actual and equitable ownership of the" Condo. *Id.* During the sale's pendency, "Defendant consistently acted in a manner that indicated she would respect Plaintiff's rights to Gross Sale Process of the Condo, less any accrued tax liabilities and other inherent expenses." *Id.* ¶ 29; *see also id.* ¶¶ 30–33. After its sale, she told Plaintiff she was holding the sale proceeds for Plaintiff's benefit. *Id.* ¶ 33, 35.

Defendant has, however, refused to turn over the sale proceeds to Plaintiff, often providing what Plaintiff describes as "dubious excuses." *Id.* ¶ 47. For example, Defendant represented that she needed to be physically present in Korea to transfer the funds. *Id.* ¶ 46. She also said that she could not transfer the funds before calculating tax liability, including a "gift

tax" upon transferring the funds. *Id.* ¶ 48. Defendant's refusal to turn over the proceeds prompted Plaintiff to take legal action. This lawsuit followed.[2]

## II.　PROCEDURAL HISTORY

Plaintiff commenced this action on June 5, 2024, seeking the net proceeds from the Condo's sale. Dkt. No. 1. Defendant moved to dismiss, Dkt. No. 18, and Plaintiff responded by filing a First Amended Complaint, Dkt. No. 20. It includes six causes of action that sound in tort. They are breach of fiduciary duty, constructive trust, conversion, embezzlement, unjust enrichment, and equitable accounting. *See* FAC ¶¶ 60–109. Defendant then filed a supplemental motion to dismiss, primarily resting on the arguments in her initial motion. *See* Dkt. No. 26.

## DISCUSSION

## I.　LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l*

---

[2] Defendant disputes the accuracy of virtually all the above allegations. *See, e.g.*, Supp. Mot. at 1–2. Nevertheless, the Court must accept all well-pleaded factual allegations in the First Amended Complaint as true when deciding a motion to dismiss for failure to state a claim. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

*PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, the Court need not accept conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

## II.    ANALYSIS

Defendant's motion raises four arguments. First, Defendant argues that Korean law applies to Plaintiff's claims. Second, Defendant argues that—under Korean and New York law—Plaintiff fails to state a claim. Supp Mot. 3–4. Third, Defendant argues that Mr. Shin is a necessary party. And fourth, Defendant argues the Court should dismiss this case under *forum non conveniens*.

### A. New York Law Applies

Defendant argues that Korean law applies to this lawsuit because it stems from the nominal ownership agreement that Plaintiff, Mr. Shin, and Defendant entered in Korea, and from the contract selling the Condo in Korea, which produced the proceeds that are the subject of this litigation. Mot. 8–9; Supp. Mot. 3–4. Because those contracts formed in Korea and Defendant characterizes Plaintiff's claims as contractual, Defendant asserts that Korean law governs this dispute. Supp. Mot. 3–4. Plaintiff disagrees. She contends this lawsuit is not about the nominal ownership agreement or the sale contract; it is about Defendant's retaining sale proceeds that belong to Plaintiff. Opp. at 3.[4] Plaintiff also highlights that she brings tort claims, not contract

---

[4] "The instant dispute does not involve 'contracts referring to the transfer of title to land.' The Seoul, Korea based Condo was sold to a third party in late 2023 by mutual consent of the parties, and nobody is contesting the validity of that sale." Opp. at 3.

claims. *Id.* And she argues that New York law applies under the "interest analysis." *Id.* at 3–4. Plaintiff has the better argument.

Sitting in diversity, a federal court applies the choice of law rules of the forum state. *Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 134 (2d Cir. 2018). Plaintiff brings tort claims, not breach of contract claims. New York determines choice of law in tort actions using the "interest analysis." *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985). The interest analysis requires that the "law of the jurisdiction having the greatest interest in the litigation will be applied and . . . the only facts or contacts which obtain significance in defining interests are those which relate to the purpose of the particular law in conflict." *GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 384 (2d Cir. 2006) (quoting *Schultz*, 65 N.Y.2d at 197). "Under this formulation, significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort." *Id.*

Neither parties' domicile is South Korea. Plaintiff resides in Washington state. FAC ¶ 6. Defendant resides in New York. *Id.* ¶ 7. As alleged, Defendant resided in New York when she gained access to and refused to turn over the Condo sale proceeds. *Id.* ¶¶ 15, 61. Therefore, New York is the locus of the various alleged torts relating to the possession and retention of the sale proceeds. Because most of the significant contacts are with New York, New York law applies to this case. Defendant's arguments about the viability of Plaintiff's claims under Korean law are irrelevant or moot. *See, e.g.*, Mot. at 10.

## B. The First Amended Complaint States a Claim for Relief

Defendant next argues the First Amended Complaint fails to state a claim. Defendant argues the complaint brings claims against Defendant "as some sort of uncompensated custodian for Plaintiff who has some custodial obligation to [Plaintiff] regarding the sale proceeds," but

5

"[n]o cognizable legal relationship is alleged." Mot. at 10. Count One of the First Amended Complaint alleges breach of fiduciary duty. FAC ¶¶ 60–67. Stating a claim for breach of fiduciary duty under New York law requires a plaintiff to show "(1) a fiduciary duty existing between the parties; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff which were proximately caused by the breach." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 191 (S.D.N.Y. 2011) (citing *Weiss, Peck & Greer, LLC v. Robinson*, No. 03-CV-00209, 2003 WL 1396436, at *7 (S.D.N.Y. Mar. 19, 2003)). The Court construes Defendant to be arguing that the First Amended Complaint does not sufficiently allege a fiduciary duty owed to Plaintiff by Defendant.

New York courts have recognized the "amorphous nature" of a fiduciary duty. *See Henneberry v. Sumitomo Corp. of America*, 532 F. Supp. 2d 523, 550 (S.D.N.Y. 2007). But "courts generally describe it as a relationship 'founded upon trust or confidence reposed by one person in the integrity and fidelity of another . . . in which influence has been acquired and abused, in which confidence has been reposed and betrayed.'" *Id.* (quoting *Penato v. George*, 383 N.Y.S.2d 900, 904 (2d Dep't 1976)). Plaintiff and Defendant shared a familial bond as cousins, a relationship that carried weight in the context of their family and shared Korean culture. FAC ¶ 2. In Plaintiff's telling, because of that family relationship, Defendant agreed to act on her behalf in certain ways, and she trusted Defendant to stand in her shoes to hold title for her marital home. *Id.* ¶¶ 2, 13. She trusted Defendant to execute the sale of her marital home and safeguard the proceeds on her behalf. *Id.* ¶¶ 2, 26. Defendant betrayed that trust by retaining those proceeds contrary to their agreement and to Plaintiff's interests. Drawing all inferences in Plaintiff's favor, the foregoing adequately alleges the existence of a fiduciary duty.

Defendant also challenges the First Amended Complaint's conversion count.  To state a claim of conversion under New York law, a plaintiff must allege (1) a possessory right or interest in the property and (2) the "defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 133 (2d Cir. 2022).  Defendant argues: "No current right by [Plaintiff] to own the proceeds has been plausibly alleged." Mot. at 11.  The Court fails to see how that is so.  Plaintiff alleges she and her husband purchased the Condo with their marital assets, FAC ¶ 11, resided there for a time as their marital home, and the Condo was their marital property, *id.* ¶ 80.  An arbitrator awarded Plaintiff full beneficial ownership of the value of the Condo.  *Id.* ¶¶ 20–23.  Therefore, Plaintiff has alleged a legal right to the Condo's sale proceeds.

Next, Defendant disputes that a civil claim of embezzlement exists in New York.  Mot. at 11.  The Court agrees.  New York does not recognize a tort of embezzlement and the "embezzlement" cause of action must be dismissed.  *See* 29A C.J.S. *Embezzlement* § 1 (2025) ("Embezzlement is generally recognized as a criminal act, with no civil claim for embezzlement . . .."); *Huggins v. Moore*, 253 A.D.2d 297, 306 (1st Div. 1999) (commenting that "[e]mbezzlement is a crime as well as a civil wrong" but not identifying embezzlement as a cognizable tort), rev'd on other grounds, 94 N.Y.2d 296 (1999).

Defendant also argues the First Amended Complaint does not "allege facts to satisfy the required elements for a claim of unjust enrichment." Mot. at 11.  This general challenge lacks a specific argument that the Court may assess.  Regardless, the First Amended Complaint contains sufficient allegations to state a claim for unjust enrichment.  Stating a claim for unjust enrichment under New York law requires a plaintiff to show "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances

are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Ellington Credit Fund, Ltd.*, 837 F. Supp. 2d at 202 (quoting *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir.2001)). First, Plaintiff alleges that Defendant is retaining the Condo sale proceeds that belong to Plaintiff. FAC ¶¶ 39, 43, 100. The retention of those funds enriches Defendant. Second, because Plaintiff would otherwise have those funds, Defendant's retaining of the proceeds is to Plaintiff's detriment. Third and last, Defendant's retaining of over $1 million that does not belong to her is a circumstance that "in equity and good conscience" requires Defendant to return the money. So, Plaintiff has stated a claim for unjust enrichment.

In the supplemental motion, Defendant argues that Plaintiff's constructive trust claim fails because Plaintiff committed inequitable conduct and because it was illegal for Plaintiff and Mr. Shin to ask Defendant to be a nominal title holder for the Condo under Korean law. Supp. Mot. at 4. The factual allegations in the complaint do not establish inequitable conduct. And the constructive trust count is based on Defendant holding the proceeds <u>after</u> the Condo was sold, not Defendant being the nominal title holder when the Condo was owned by any party to this lawsuit. *See* FAC ¶ 70 ("In 2023, Defendant, a permanent resident of the State of New York, received property in the form of the Gross Sale Proceeds, property which Defendant acknowledged to belong to the Plaintiff.").

Finally, Defendant broadly argues that the First Amended Complaint fails to state a claim because it does not state the elements for each cause of action. *See, e.g.*, Mot. at 11. This argument fails. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "[I]t does not require every factual detail of every allegation." *Huckabee v. Bloomberg L.P.*, No. 23-CV-09152 (MMG), 2025 WL 3277560,

at *2 (S.D.N.Y. Nov. 24, 2025).  Nor does it require a plaintiff to state every element of the legal claims on which she depends.

### C.  Mr. Shin is Not a Necessary Party

Defendant's penultimate argument is that Mr. Shin is a required party and that adding him as a party would destroy diversity and thus the Court's subject matter jurisdiction.  Mot. 11–12.  As a result, Defendant contends, the Court must dismiss the case.  *Id.* at 12.

Even a cursory glance at the text of Federal Rule of Civil Procedure 19 demonstrates the argument is baseless.  That rule defines a "required party," in part, as a person whose "joinder will not deprive the court of subject-matter jurisdiction."  Fed. R. Civ. P. 19(a)(1).  Therefore, if adding Mr. Shin as a party would destroy diversity, then Mr. Shin is not a "required party" within the meaning of the Federal Rules.  Regardless, Defendant has not adequately explained why Mr. Shin would be a required or necessary party.  Defendant argues Mr. Shin "was the key actor in the transaction and the performance of the agreement," which the Court assumes refers to the 2005 agreement under which Defendant agreed to act as nominal title holder of the Condo.  Mot. at 12.  But, at most, Mr. Shin's involvement in this case suggests he would be an important witness at a trial.  It does not show he is a required or necessary party.

### D.  *Forum Non Conveniens* Principles Do Not Support Dismissal

Finally, Defendant argues the Court should dismiss the action under the doctrine of *forum non conveniens* because this case should proceed in South Korea.  Mot. at 13–17.  *Forum non conveniens* is a "discretionary device" that permits a court to dismiss a case "in rare instances."  *Carey v. Bayerische Hypo-Und Vereinbank AG*, 370 F.3d 234, 237 (2d Cir. 2004).  This case does not present one such "rare instance," and the Court will not exercise its discretion to dismiss this case under *forum non conveniens*.  Defendant is a long-time, and current, resident of New

York; therefore New York presents a more convenient forum for her than Korea.  FAC ¶ 7.  The same is true for Plaintiff, who resides in Washington state.  *Id.* ¶ 6.  And, as alleged, Defendant's tortious conduct occurred within the State of New York.  Therefore, New York presents a logical and reasonable venue for this lawsuit.

Defendant's arguments fail to convince the Court otherwise.  For example, she argues the Court should dismiss this case under *forum non conveniens* because "the Korean courts are available to adjudicate Plaintiff's claims."  Mot. at 14.  But so, too, is this Court, and this forum is the one chosen by the Plaintiff, as well as the forum of Defendant's residence.  Defendant also argues that it would be easy for a court in Korea to order service of Mr. Shin, who resides in Korea, whereas a court in the United States would require service through the Hague Convention.  *Id.* at 15–16.  That may be true.  But it matters little.  Mr. Shin is not a necessary party to this action.  Furthermore, a court in Korea would confront the same problem as it concerns Defendant, who has resided in New York for over three decades.  *Id.* ¶ 61.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED as to the Fourth Cause of Action, only, and is otherwise DENIED.

Dated: March 18, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge